UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS MONTIEL,

Plaintiff,

v.

NORTH SKY COMMUNICATIONS, LLC,

Defendant.

No. 2:26-cv-01010-DJC-CSK

ORDER

Defendant seeks to compel arbitration of the wage and hour claims brought by its former employee. The Arbitration Agreement signed by the parties delegates to the arbitrator gateway questions of arbitrability. As the Court finds Plaintiff failed to sufficiently challenge this delegation clause, Defendant's Motion to Compel Arbitration is granted.

**BACKGROUND**

Plaintiff Carlos Montiel was an employee of Defendant North Sky Communications, LLC until his termination on October 17, 2025. (Montiel Decl. (ECF No. 9-1) ¶ 2; (Price Decl. (ECF No. 7-3) ¶ 20.) Throughout Plaintiff's onboarding and employment with Defendant, Plaintiff received three arbitration agreements, the most recent of which Plaintiff signed on October 1, 2025. (Price Decl. ¶ 27.)

On February 17, 2026, Plaintiff filed suit in the Superior Court of the State of California, County of Sacramento claiming Defendant committed several wage and hour violations. (*See* ECF No. 1-1). Defendant removed the case to this Court and filed a Motion to Compel Arbitration. (*See* ECF No. 1, 7). Briefing on this Motion is complete. (Mot. (ECF No. 7-1); Opp'n (ECF No. 9); Reply (ECF No 10).) The Court ordered Defendant's Motion to Compel Arbitration submitted without oral argument pursuant to Local Rule 230(g). (*See* ECF No. 12.)

**LEGAL STANDARD**

The Federal Arbitration Act ("FAA") governs arbitration agreements. 9 U.S.C. § 2. The FAA affords parties the right to obtain an order directing that arbitration proceed in the manner provided for in the agreement. *Id*. § 4. Under the FAA, federal courts must apply state-law principles that govern the formation of contracts when determining whether the specific dispute between the parties is one that they agreed to arbitrate. *Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1154 (9th Cir. 2025). To decide on a motion to compel arbitration, a court must determine: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1017 (9th Cir. 2016).

Arbitration is a contract matter, and the FAA requires courts to honor parties' expectations. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011) (citing *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67–69 (2010)). However, parties may use general contract defenses to invalidate an agreement to arbitrate. *See id*. at 339. Thus, a court should order arbitration of a dispute only where satisfied that neither the agreement's formation nor its enforceability or applicability to the dispute is at issue. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299–300 (2010). "Where a party contests either or both matters, the court must resolve the disagreement." *Id.* at 299 (internal quotation omitted). If a valid arbitration agreement encompassing the dispute exists, arbitration is mandatory. *See Dean Witter Reynolds, Inc. v. Byrd*, 470

U.S. 213, 218 (1985). Under section 3 of the FAA, a court, "upon being satisfied that the issue involved . . . is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

The party seeking to compel arbitration bears the burden of proving by a preponderance of the evidence the existence of a valid agreement to arbitrate. *See Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). In resolving a motion to compel arbitration, the "summary judgment standard [of Federal Rule of Civil Procedure 56] is appropriate because the district court's order compelling arbitration is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) (quotation omitted). Under this standard, the "party opposing arbitration receives the benefit of any reasonable doubts and the court draws reasonable inferences in that party's favor, and only when no genuine disputes of material fact surround the arbitration agreement's existence and applicability may the court compel arbitration." *Smith v. H.F.D. No. 55, Inc.*, No. 2:15-cv-01293-KJM-KJN, 2016 WL 881134, at *4 (E.D. Cal. Mar. 8, 2016).

## DISCUSSION

Plaintiff's sole opposition to Defendant's motion is that the Arbitration Agreement is unconscionable. (*See generally* Opp'n.)

### I. Delegation of Unconscionability

Defendant argues the parties' Arbitration Agreement includes an enforceable delegation clause. "A delegation clause is a clause within an arbitration provision that delegates to the arbitrator gateway questions of arbitrability, such as whether the agreement covers a particular controversy or whether the arbitration provision is enforceable at all." *Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997, 999 (9th Cir. 2023). "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA

operates on this additional arbitration agreement just as it does on any other." *Rent-A-Ctr.*, 561 U.S. at 70. Defendant asserts this delegation clause requires an arbitrator, not the Court, to decide any challenges to the Arbitration Agreement's unconscionability. (Mot. at 5–6; Reply at 2–3.)

To determine whether the delegation clause requires arbitration of Plaintiff's unconscionability arguments, the Court must consider whether the parties truly delegated these claims and, if so, whether Plaintiff has sufficiently challenged the delegation clause. As the Court finds the parties did the first and failed to do the second, the delegation clause is enforceable, and the Court lacks authority to assess Plaintiff's unconscionability arguments.

First, the parties clearly and unmistakably delegated the determination of unconscionability to the arbitrator. "[P]arties may delegate the adjudication of gateway issues to the arbitrator if they 'clearly and unmistakably' agree to do so." *Portland Gen. Elec. Co. v. Liberty Mut. Ins. Co.*, 862 F.3d 981, 985 (9th Cir. 2017), *as amended* (Aug. 28, 2017) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83–84 (2002)). The Arbitration Agreement provides:

> The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the validity, applicability, **enforceability, unconscionability** or waiver of this Agreement, including, but not limited to any claim that all or any part of this Agreement is void or voidable.

(Mot. at 6 (quoting Price Decl., Ex. D at 1).) This provision clearly delegates to the arbitrator "exclusive authority" to decide whether the Arbitration Agreement is unconscionable. *See Connell v. ByteDance, Inc.*, No. 24-cv-07859-NC, 2025 WL 1828472, at *21 (N.D. Cal. July 1, 2025) (holding nearly identical language was "sufficiently expansive and unambiguous to clearly and unmistakably delegate questions of arbitrability to the arbitrator"). Plaintiff does not argue otherwise. *See*

*generally* Opp'n. Accordingly, the Court finds the parties "clearly and unmistakably" delegated the question of unconscionability to the arbitrator.

Second, Plaintiff fails to adequately challenge the delegation clause. "[T]o sufficiently challenge a delegation provision, the party resisting arbitration must specifically reference the delegation provision and make arguments challenging it." *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1011 (9th Cir. 2023). Supreme Court precedent "makes clear that a party must at least mention a delegation provision to challenge it." *Id.* at 1009 (9th Cir. 2023) (citing *Rent-A-Ctr.*, 561 U.S. at 74). The "party resisting arbitration" must "make specific arguments attacking the provision in its opposition to a motion to compel arbitration." *Id.*; *see also Holley-Gallegly*, 74 F.4th at 1002 (explaining that to challenge a delegation clause using provisions outside the delegation clause, the party "must explain how those provisions make *the fact of an arbitrator deciding arbitrability* unconscionable"). "[A] party may challenge the delegation provision and the arbitration agreement for the same reasons, so long as the party specifies why each reason renders the specific provision unenforceable." *Bielski*, 87 F.4th at 1009–10.

Here, Plaintiff neither mentions nor makes any specific arguments challenging the delegation clause. (*See generally* Opp'n; *see also* Reply at 2 ("Plaintiff's Opposition does not even mention this provision, much less offer any specific challenge to it.").) Rather, Plaintiff challenges numerous other provisions unrelated to the delegation clause to argue that the agreement *as a whole* is substantively unconscionable. (*See* Opp'n, section IV.A.3.) But that misses the point: if there is nothing unconscionable about the delegation clause itself, the arbitrator can (and must) be the one to make the determination about unconscionability in the first instance. As Plaintiff's Opposition does not mention the delegation provision, much less establish it is unconscionable, Plaintiff's argument fails. *See Juarez v. T-Mobile USA Inc.*, No. 2:24-cv-00700-SPG, 2024 WL 5424366, at *7 (C.D. Cal. Aug. 23, 2024) (holding Plaintiffs failed to adequately challenge delegation provision by providing

"no specific argument regarding how the delegation provision—as opposed to the arbitration provision or class action waiver—is either procedurally or substantively unconscionable"). Accordingly, the parties must arbitrate Plaintiff's argument that the Arbitration Agreement is unconscionable, and the Court cannot address Plaintiff's remaining arguments.

**II. Whether to Stay or Dismiss Plaintiff's Claims**

While Defendant is correct that no party requests a stay, which would require the Court to stay this action, *see Smith v. Spizzirri*, 601 U.S. 472, 478 (2024), the Court may nonetheless elect to stay Plaintiff's individual claims pending arbitration. If the arbitrator deems the Arbitration Agreement unconscionable, this Court must then resolve the merits of Plaintiff's claims. "That return ticket is not available if the court dismisses the suit rather than staying it." *Id.* at 477. The Court therefore opts to stay rather than dismiss Plaintiff's individual claims pending arbitration. *See MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 9 (9th Cir. 2014) (describing the Ninth Circuit's "preference for staying an action pending arbitration rather than dismissing it").

However, the Court grants dismissal of Plaintiff's putative class claims. The Arbitration Agreement provides, "THE COMPANY AND I WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR ARBITRATED AS A CLASS ACTION AND/OR COLLECTIVE ACTION." (Price Decl., Ex. D at 3.) Under this agreement, challenges to this class action waiver are exempt from the delegation clause. Instead, "any claim that all or part of the Class Action Waiver . . . is invalid unenforceable, unconscionable, void or voidable, may be determined only by a court of competent jurisdiction and not by an arbitration." (*Id.* at 1.) As Plaintiff does not dispute the validity of this provision (*see generally* Opp'n; Reply at 14) and the Supreme Court has found such clauses enforceable, *see AT&T Mobility LLC*, 563 U.S. at 351–52, the Court dismisses Plaintiff's putative class claims. *See Yancey v. Ccfi Companies, LLC*, No. 2:24-cv-02187-DAD-JDP, 2025 WL 2719361, at *10 (E.D. Cal. Sept. 24, 2025) (finding parties delegated unconscionability to arbitrator but reserved for the court review of

class action waiver, dismissing putative class claims pursuant to that waiver, and collecting cases).

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Compel Arbitration (ECF No. 7) is GRANTED. Plaintiff's individual claims are compelled to arbitration, where the arbitrator shall determine threshold questions of arbitrability.
2. Plaintiff's putative class claims are DISMISSED without prejudice.
3. Plaintiff's individual claims are STAYED pending arbitration. The parties are to immediately notify the Court once arbitration of Plaintiff's claims is complete. The Clerk of Court is directed to administratively close this case.

IT IS SO ORDERED.

Dated: **July 13, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Montiel26cv01010.mtca